J-S14004-24

2024 PA Super 186

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS ORTIZ-PAGAN | : | |
| | : | |
| Appellant | : | No. 1245 MDA 2023 |

Appeal from the PCRA Order Entered August 25, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000911-2020

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

OPINION BY LAZARUS, P.J.:                    **FILED: AUGUST 20, 2024**

Carlos Ortiz-Pagan appeals from the order, entered in the Court of Common Pleas of Dauphin County, dismissing, following a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A §§ 9541-9546. After careful review, we affirm the order of the PCRA court.

On October 12, 2021, Ortiz-Pagan entered a negotiated guilty plea to two counts of involuntary deviate sexual intercourse with a child,[1] and one count each of aggravated indecent assault of a child,[2] unlawful contact with a minor,[3] incest of minor—complainant under thirteen years,[4] indecent assault—

---

[1] 18 Pa.C.S.A. § 3123(b).

[2] *Id.* at § 3125(b).

[3] *Id.* at § 6318(a)(1).

[4] *Id.* at § 4302(b)(1).

person less than thirteen years of age,[5] and corruption of minors.[6]  As part of the negotiated plea, the Commonwealth withdrew Count 1, rape of a child.[7]  *See* N.T. Guilty Plea Hearing, 10/12/21, at 2.

On January 12, 2022, the trial court sentenced Ortiz-Pagan to 7 to 14 years' incarceration, followed by 6 years' probation, and ordered him to pay associated costs and fines, in accordance with the plea agreement.  *See* Sentencing Order, 1/18/22.  Following a hearing on August 1, 2022, the court found that Ortiz-Pagan was a sexually violent predator (SVP).  *See* N.T. SVP Hearing, 8/1/22, at 18.

On August 15, 2022, Ortiz-Pagan filed a notice of appeal.  On September 26, 2022, Ortiz-Pagan discontinued his appeal.  *See* Notice of Discontinuance, 9/26/22.

On October 3, 2022, Ortiz-Pagan filed a *pro se* PCRA petition.[8]  On October 18, 2022, the PCRA court appointed counsel, Elizabeth Close, Esquire,

---

[5] *Id.* at § 3126(a)(7).

[6] *Id.* at § 6301(a)(1)(ii).

[7] *Id.* at § 3121(c).

[8] Ortiz-Pagan's PCRA petition was timely filed within one year of the date on which his judgment of sentence became final.  *See* 42 Pa.C.S.A. § 9545(b)(1) (requiring PCRA petition to be filed within one year of date of petitioner's judgment of sentence becomes final).  Ortiz-Pagan was sentenced on January 12, 2022, and received his SVP designation on August 1, 2022, at which time judgment was entered.  *See* N.T. Guilty Plea/Sentencing, 1/12/22, at 17; ***Commonwealth v. Schrader***, 141 A.3d 558, 561 (Pa. Super. 2016) ("[W]here a defendant pleads guilty and waives a pre-sentence SVP
*(Footnote Continued Next Page)*

- 2 -

who withdrew from her representation on December 14, 2022. The court then appointed Brandy Hoke, Esquire, who filed an amended PCRA petition on February 9, 2023. The Commonwealth filed a response on February 28, 2023. On March 22, 2023, Attorney Hoke moved for a hearing on Defendant's Motion for New Counsel, which the court granted. The court permitted Attorney Hoke to withdraw as counsel and, on April 13, 2023, appointed Christopher Wilson, Esquire, as Ortiz-Pagan's PCRA counsel. On June 4, 2023, Attorney Wilson filed a Second Amended PCRA Petition/Motion to Withdraw Guilty Plea and Request for Evidentiary Hearing.

In his PCRA petition, Ortiz-Pagan argued that he received ineffective assistance of counsel because he did not receive necessary Spanish interpreter assistance for his guilty plea colloquy and at his sentencing hearing. In his petition, Ortiz-Pagan further requested to withdraw his guilty plea. The court held an evidentiary hearing on the issues raised in Ortiz-Pagan's amended PCRA petition on August 21, 2023. On August 25, 2023, the court dismissed Ortiz-Pagan's petition.

_____

determination, the judgment of sentence is not final until that determination is rendered."). Ortiz-Pagan filed his direct appeal on August 15, 2022, which he later withdrew on September 26, 2022, at which point his judgment became final for purposes of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence final at the conclusion of direct review); *see also* ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (judgment of sentence is final for PCRA purposes on date defendant voluntarily discontinues direct appeal). Ortiz-Pagan's instant PCRA petition was filed on October 2, 2022, well within the one-year deadline.

Ortiz-Pagan filed a timely notice of appeal on September 5, 2023. Ortiz-Pagan and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Ortiz-Pagan raises the following issues for our review:

1. Whether the PCRA [c]ourt erred in failing to find plea counsel[, Joseph Hartye, Esquire,] prejudicially ineffective by failing to review the case in Spanish before the plea, in failing to provide a guilty plea colloquy which stated the offenses and the grading of the offenses, and by failing to detail the consequences of [the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. § 9799.10, et seq.] or potential SVP determinations in Spanish before the plea.

2. Whether the PCRA [c]ourt erred in failing to find that [] sentencing counsel[, Jessica Bush, Esquire,] was prejudicially ineffective by failing to provide a Spanish language interpreter during [Ortiz-Pagan's] sentencing when Ortiz-Pagan did not waive his right to have an interpreter present under 204 Pa. Code[] § 221.105.

3. Whether the PCRA [c]ourt erred when it denied [Ortiz-Pagan's] request to withdraw his guilty plea.

4. Whether the PCRA [c]ourt erred to the extent it relied upon foundationally unsupported lay opinions from plea and sentencing counsel regarding [Ortiz-Pagan's ability] to understand English when it was also uncontested that [Ortiz-Pagan] only arrived from Puerto Rico when he was 14-15, had only one year of education in the United States[, and] was enrolled in an English as a Second Language ([]ESL[]) program, when it denied [Ortiz-Pagan's] request to withdraw his guilty plea.

Appellant's Brief, at 3.

Our standard of review of an order dismissing a PCRA petition is limited to "the PCRA court's findings to see if they are supported by the record and free from legal error." **Commonwealth v. Duffey**, 889 A.2d 56, 61 (Pa. 2005). We are limited to the PCRA court's findings, and the evidence adduced

at the hearing, viewed in a light most favorable to the prevailing party at the PCRA level. *See Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). The PCRA court's witness credibility findings are binding on this Court, so long as the record supports those findings. *See Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009). A PCRA court's legal conclusions, however, are reviewed *de novo*. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011).

In his first two issues raised on appeal, Ortiz-Pagan argues that the PCRA court erred by not finding prior counsel ineffective. First, Ortiz-Pagan argues plea counsel was ineffective for failing to review the case with him in Spanish before he entered his plea, failing to provide a guilty plea colloquy that was sufficiently detailed, and failing to outline the consequences of sex offender registration before the plea proceeding. Second, Ortiz-Pagan argues sentencing counsel was ineffective for not obtaining a Spanish interpreter at the sentencing hearing when Ortiz-Pagan did not waive his right to an interpreter under 204 Pa. Code § 221.105. In connection with these claims, Ortiz-Pagan argues that he was entitled to an interpreter because Spanish is his first language, he has limited English proficiency, he received minimal formal English education since moving to the United States as a teenager, and because plea counsel, Attorney Hartye, obtained an interpreter for the plea hearing. We review these claims together and conclude Ortiz-Pagan is not entitled to relief.

Counsel is presumed effective, and the appellant bears the burden of proving otherwise. *See Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To overcome this presumption, the appellant must demonstrate that: "(1) the underlying claim is of arguable merit; (2) [] counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citations omitted); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing test for claim of ineffective assistance of counsel). As to the second prong, we will conclude "that counsel's chosen strategy lacked a reasonable basis only if [the a]ppellant proves that 'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (quoting *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006)). Further, if a claim fails under any part of the ineffectiveness test, we may proceed directly to the unsatisfied element and dismiss the claim on that basis alone. *See Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011) (citing *Strickland*, *supra*); *see also Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998).

Here, the PCRA court found that Ortiz-Pagan did not require an interpreter during any point in the proceedings. *See* PCRA Court Opinion, 12/7/23, at 5. The court credited the testimony of Attorneys Hartye and Bush.

- 6 -

*See id.* at 7-11. Specifically, the court found that, beginning with his first meeting with Attorney Hartye and extending through the various hearings, Ortiz-Pagan did not indicate that he needed an interpreter or that he had limited English proficiency. *See id.* at 6; *see also* N.T. PCRA Hearing, 8/21/23, at 50-51. Attorney Hartye testified that "there was no indication that [Ortiz-Pagan] ever misunderstood anything that was going on," and that he secured an interpreter for the guilty plea hearing "just in case." N.T. PCRA Hearing, 8/21/23, at 14, 20. Attorney Bush testified to similar effect, explaining that there was "nothing in the file to indicate [Ortiz-Pagan] needed an interpreter." *Id.* at 26. Attorney Bush further testified that, in her conversations with Ortiz-Pagan, it appeared Ortiz-Pagan understood what she said and provided meaningful responses. *See id.* at 33.

The PCRA court found Ortiz-Pagan not credible as a witness. *See* PCRA Court Opinion, 12/7/23, at 15-16. The court found significant "the fact that [Ortiz-Pagan] spoke with an interviewer for the completion of a pre-sentence investigation without an interpreter, and stated in English that he did not wish to speak with her, wanted a bench trial, and wanted to withdraw his guilty plea." *Id.* at 16 (citing N.T. PCRA Hearing, 8/21/23, at 44). During his testimony at the PCRA hearing, Ortiz-Pagan claimed that the interviewer had trouble understanding him, but the court indicated that, "[the interviewer] did not note that." N.T. PCRA Hearing, 8/21/23, at 45. The PCRA court also found that Ortiz-Pagan's conduct at the PCRA hearing and sentencing hearing demonstrated his English comprehension, as Ortiz-Pagan responded

- 7 -

meaningfully to the court's inquiries and instructions without first receiving a translation. *See id.*; *see also* N.T. Guilty Plea/Sentencing, 1/12/22, at 5.

Our review reveals Attorney Hartye testified that he discussed the maximum range of sentences and fines with Ortiz-Pagan, and Ortiz-Pagan "understood everything," though the written guilty plea colloquy did not specifically outline all the applicable maximum punishments. *See* N.T. PCRA Hearing, 8/21/23, at 17. Additionally, at the guilty plea hearing, Ortiz-Pagan stated he understood the terms of the negotiated plea outlined by the Commonwealth's attorney. *See* N.T. Guilty Plea, 10/12/21, at 3-4; *see also Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999) ("A defendant is bound by the statements he makes during his plea colloquy[] and may not assert grounds for withdrawing the plea that contradict statements made when he pled."). Similarly, Attorney Bush testified that she reviewed the difference between lifetime and SVP registration with Ortiz-Pagan, and that, based on Ortiz-Pagan's demeanor and responses, it appeared Ortiz-Pagan understood her explanation. *See* N.T. PCRA Hearing, 8/21/23, at 31-33. Further, at the sentencing hearing, Ortiz-Pagan demonstrated he understood the proceedings by responding to questions appropriately in time and with substance—all without the use of an interpreter. In one instance, Ortiz-Pagan responded in English to the court's inquiry regarding the color of his clothes. *See* N.T. Guilty Plea/Sentencing, 1/12/22, at 5. In another, Ortiz-Pagan responded to the court's direction to step down from the witness stand before the court finished speaking and before a translation was provided. *See*

N.T. PCRA Hearing, 8/21/23, at 45. Upon hearing this instruction, the record further reflects that Ortiz-Pagan "started nodding his head in understanding when his attorney approached, before the translation was rendered." *Id.*

Because the PCRA court's credibility findings are supported by the record, *see Johnson*, *supra*, we conclude that Attorneys Hartye and Bush had reasonable grounds for not securing an interpreter for Ortiz-Pagan at various stages of the case. *See Spotz*, *supra*; *see also Rivera*, *supra*. Accordingly, Attorneys Hartye and Bush cannot be deemed ineffective. *See Rivera*, *supra*.

We similarly find no error in the PCRA court's conclusion that section 221.105 does not apply. Section 221.105 governs how a defendant of limited English proficiency may waive his or her right to have an interpreter present. *See* 204 Pa. Code § 221.105. Section 221.102 of the same chapter defines a person of limited English proficiency as "a principal party in interest or a witness who speaks exclusively or primarily a language other than English and is **unable to sufficiently speak and understand English so as to fully participate and be understood in a judicial proceeding**." *Id.* at § 102(n) (emphasis added).

Here, Ortiz-Pagan cannot prove that section 221.105 applies to him. As noted above, the credited testimony of Attorneys Hartye and Bush establish Ortiz-Pagan did not require an interpreter to sufficiently understand the proceedings. We, therefore, agree with the PCRA court that section 221.105 does not apply to Ortiz-Pagan; as such, this claim lacks merit. *See Rivera*,

*supra*; *see also Lesko*, *supra*. Based upon the foregoing, we find the PCRA court's conclusions on Ortiz-Pagan's first two issues are supported by the record and we discern no error of law. *See Duffey*, *supra*.

Next, Ortiz-Pagan argues that the PCRA court erred when it denied his motion to withdraw his guilty plea because he expressed interest in withdrawing his plea before sentencing and because he was not provided an interpreter at sentencing. *See* Appellant's Brief, at 24.

To be eligible for PCRA relief, a PCRA petitioner must show that the claims of error have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also Commonwealth v. Blakeney*, 108 A.3d 739, 749 (Pa. 2014). "An issue has been waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal[,] or in a prior state post[-]conviction proceeding.'" *Blakeney*, 108 A.3d at 749 (quoting 42 Pa.C.S.A. § 9544(b)).

It is well-settled that a defendant who wishes to withdraw his or her guilty plea following the imposition of a sentence must do so within 10 days of sentencing. *See Commonwealth v. Moore*, 307 A.3d 95, 99 (Pa. Super. 2023) (citing Pa.R.Crim.P. 720(A)(1)); *see also Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing."). Failure to do so results in waiver of any involuntariness claim. *See Moore*, *supra*; *see also Lincoln*, *supra*.

- 10 -

Here, Ortiz-Pagan failed to file any motion or raise his desire to withdraw his plea before the trial court prior to, or within 10 days of, his sentencing. Indeed, Ortiz-Pagan did not object to the entry of his guilty plea during the guilty plea colloquy and confirmed his understanding of his plea during his guilty plea hearing. *See* N.T. Guilty Plea, 10/12/21, at 3-4. Ortiz-Pagan previously, before sentencing, expressed a desire to withdraw his guilty plea by raising his concern with counsel; however, when the sentencing court inquired about this desire, Attorney Bush clarified that Ortiz-Pagan was not making such a request. *See* N.T. Guilty Plea/Sentencing, 1/12/22, at 3. In her credited testimony, Attorney Bush testified that on the day of the sentencing hearing, Ortiz-Pagan was sure he wanted to move forward with his plea. *See* N.T. PCRA Hearing, 8/21/23, at 29-30 (Attorney Bush explaining that Ortiz-Pagan's initial desire to withdraw his guilty plea was "gamesmanship"). Moreover, Ortiz-Pagan was present at the sentencing hearing, and he did not correct Attorney Bush when she stated that Ortiz-Pagan did not want to withdraw his guilty plea. *See* N.T. PCRA Hearing, 8/21/23, at 50-51.

Since Ortiz-Pagan did not object to his guilty plea during the colloquy and did not file a motion to withdraw his guilty plea within ten days of sentencing, any challenge to his guilty plea was waived. ***See Moore***, ***supra***; ***Lincoln***, ***supra***. Consequently, Ortiz-Pagan is not entitled to relief on this issue under the PCRA. ***See Blakeney***, ***supra***; ***see also*** 42 Pa.C.S.A. § 9543(a)(3).

Fourth, and finally, Ortiz-Pagan argues that the PCRA court erred by relying on non-expert opinions to establish his ability to understand English because it was uncontested that an interpreter assisted him during his guilty plea, Ortiz-Pagan moved to the United States when he was in high school, and he only received one year of formal education in the United States. *See* Appellant's Brief, at 27.

In Pennsylvania, the determination of a defendant's English proficiency, and, therefore, the need for an interpreter, generally lies within the trial court's discretion. *See Commonwealth v. Wallace*, 641 A.2d 321, 324 (Pa. Super. 1994). The trial court must consider all relevant factors in making its determination, such as the complexity of the issues and the defendant's language skills. *See Commonwealth v. Pana*, 364 A.2d 895, 898 (Pa. 1976). "If it becomes apparent that an interpreter is necessary during the trial, the trial court should, on its own motion or on motion of a party, make an interpreter available." *Id.*

On appeal, Ortiz-Pagan claims that under our Supreme Court's decision in *Commonwealth v. Diaz*, 226 A.3d 995 (Pa. 2020), the court was required to appoint an interpreter for his sentencing, regardless of Ortiz-Pagan's ability to speak some English. *See* Appellant's Brief, at 28. Ortiz-Pagan is not entitled to any relief.

In *Diaz*, the Pennsylvania Supreme Court considered whether counsel was ineffective for not obtaining a Spanish-language interpreter for the defendant on the first day of the defendant's criminal trial. *See Diaz*, 226

A.3d at 996-97. The Supreme Court ultimately affirmed the PCRA court's grant of post-conviction relief after determining that the lack of an interpreter on the first day of trial interfered with the defendant's ability to communicate with counsel and understand the proceedings. *Id.* The PCRA court in *Diaz* made 33 findings of fact related to the defendant's English proficiency, findings that considered both lay and expert opinions. *Id.* at 1001, 1007. Those findings established that the defendant would have had "significant difficulty" communicating with counsel without an interpreter present on the first day of trial. *Id.* at 1001. The Supreme Court concluded that "[t]he PCRA court made its factual findings and credibility determinations, and as the record supports them, they are binding upon [the appellate courts] on appeal." *Id.* at 1007.

Here, the PCRA court rejected Ortiz-Pagan's reliance on *Diaz* by concluding that, "[a]lthough the PCRA court in *Diaz* considered the testimony of lay and expert witnesses, the Supreme Court did not address any requirement of expert opinion or its weight *vis*[-*à*-]*vis* lay opinion." PCRA Court Opinion, 12/7/23, at 18. The PCRA court concluded that "[a]mple evidence existed, without the need for expert testimony, upon which [the PCRA court] could properly find that [Ortiz-Pagan] understood English." *Id.* at 15. The PCRA court was similarly unpersuaded by the presence of an interpreter at the guilty plea hearing, finding "credible Attorney Hartye's testimony that his suggestion to [Ortiz-Pagan to] use [] a Spanish interpreter at the [g]uilty [p]lea [h]earing was not born[] out of need," but rather an

- 13 -

"abundance of caution." ***Id.*** at 8, 11 (citing N.T. PCRA Hearing, 8/21/23, at 19-20).

We agree with the PCRA court's analysis of ***Diaz*** and emphasize the ***Diaz*** court did not implement an additional requirement of expert testimony to establish English proficiency. As we have already concluded, the record here reflects that Ortiz-Pagan did not require an interpreter at any point during the proceedings to effectively communicate with counsel. Indeed, the record supports the finding that Ortiz-Pagan understood the proceedings based on statements he made under oath, the timing and substance of his responses, the interview he completed pre-sentencing conducted entirely in English, and the credited testimony of Attorneys Hartye and Bush. Based on these interactions, it was apparent that Ortiz-Pagan never required an interpreter during the proceedings, nor did he request one. ***See Pana***, ***supra***. Thus, we discern no error in the PCRA court's decision to rely on lay opinions to determine Ortiz-Pagan's comprehension of the English language. ***See Duffey***, ***supra***.

Order affirmed.
Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/20/2024

- 14 -