J-S19004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NACHELLE JENINE DAVIS | : | |
| | : | |
| Appellant | : | No. 3019 EDA 2024 |

Appeal from the PCRA Order Entered January 25, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002266-2020

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 30, 2025**

Nachelle Jenine Davis appeals from the order entered January 26, 2024, denying her petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Davis challenges the PCRA court's denial of her petition for relief, alleging that plea counsel was ineffective. Because we agree with the PCRA court's conclusion that Davis's claims lack merit, we affirm.

In August 2020, Davis was arrested for selling or delivering fentanyl to a victim who overdosed on the substance and died. Davis was charged with drug delivery resulting in death ("DDRD"), possession with the intent to deliver fentanyl ("PWID"), criminal use of a communication facility, and involuntary manslaughter.

On March 1, 2022, Davis entered a negotiated guilty plea to PWID, criminal use of a communication facility, and involuntary manslaughter. The Commonwealth agreed not to object to Davis's participation in the State Drug Treatment Program ("SDTP"). The plea itself did not include an agreement on sentencing. On May 19, 2022, after reviewing Davis's Presentence Investigative Report ("PSI"), the trial court sentenced Davis to an aggregate term of 5 to 10 years' incarceration, followed by 10 years' probation. Additionally, Davis was deemed eligible for the SDTP. Davis did not file a direct appeal from the judgment of sentence.

In January 2023, Davis filed a timely *pro se* PCRA motion asserting her innocence. **See** *Pro se* PCRA Motion, at ¶ 6. Appointed counsel filed an amended petition, alleging that Davis's plea counsel was ineffective, in pertinent part, for failing to properly advise Davis or provide her with all discovery before entering the plea. **See** Amended PCRA Petition, at ¶ 12(B), 22. The amended petition also asserted plea counsel failed to supply PCRA counsel with discovery when he forwarded Davis's file to him. **See id.** at ¶ 25.

The court held a hearing on June 5, 2023, at which plea counsel and Davis testified. Prior to their testimony, the court addressed PCRA counsel's claim that all discovery had not been provided to him. The court directed that the hearing would proceed on whatever Davis's PCRA counsel was prepared to present and that, at the end of the hearing, the court would set a period of

time for counsel to review discovery and request another hearing if, after review, it was deemed necessary. *See* N.T. PCRA Hearing, 12/12/24, at 9.

The same day, consistent with its statement to counsel, the court entered an order directing the record would be left open for 45 days to allow PCRA counsel the opportunity to review any discovery not previously provided and to request a further hearing if necessary, and for the parties to file briefs supporting their respective positions. The 45 days expired with no briefs filed, and PCRA counsel did not request a further hearing after review of discovery. On January 25, 2024, the PCRA court denied Davis's PCRA petition. After being granted an opportunity to appeal nunc pro tunc, appointed appeal counsel filed this timely appeal. Davis filed a timely Rule 1925(b) concise statement of errors complained of pursuant to the court's order, and the court filed a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a), (b).

Davis raises one question for our review:

> Whether the [PCRA] court erred in finding [plea] counsel effective when counsel did not specify the terms of the agreed upon sentence to [Davis],[1] which was an integral aspect of the negotiated plea, and thus prevented [Davis] from entering a knowing and intelligent plea.

Appellant's Brief, at 4.

---

[1] Neither Davis's pro se PCRA motion nor her amended PCRA petition mentions anything about the specific claim that plea counsel failed to explain the terms of the sentence to her. However, in the interests of justice, we will construe the allegation that counsel "fail[ed] to adequately advise [Davis]" to include this specific allegation. Amended PCRA Petition, at ¶ 12(B).

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted). "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Orlando**, 156 A.3d 1274, 1280 (Pa. Super. 2017).

A criminal defendant is entitled to the effective assistance of counsel throughout the plea process. **See id.** There is a rebuttable presumption that counsel is effective. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). To overcome this presumption, Davis must plead and prove each of the following: (1) that her legal claim has arguable merit; (2) that counsel lacked an objectively reasonable basis for his action or inaction; and (3) this alleged ineffectiveness prejudiced the PCRA petitioner to the extent that, if not for counsel's error, there was a reasonable probability of a different outcome. **See Commonwealth v. Solano**, 129 A.3d 1156, 1162-63 (Pa. 2015). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." **Commonwealth v. Fears**, 86 A.3d 795, 806-07 (Pa. 2014) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of

attorneys in criminal cases." ***Commonwealth v. Kapellusch***, 823 A.3d 837, 848 (Pa. Super. 2024) (citation omitted). Also, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

Davis argues her plea was involuntary and unknowing because counsel misinformed her about the plea agreement's parameters and the agreement did not contain the sentence the court would impose.[2] ***See*** Appellant's Brief, at 15-16. She also complains counsel misinformed her about the terms of the SDTP. ***See*** Appellant's Brief, at 18-19.

The Commonwealth responds that plea counsel fully informed Davis of the applicable sentencing range and that, ultimately, it was for the judge to decide what specific sentence to impose. ***See*** Appellee's Brief, at 14. Similarly,

---

[2] Davis also submits that counsel failed to provide or discuss the discovery before she entered her plea. ***See*** Appellant's Brief, at 14. This claim is waived. First, this issue is not raised in Davis's statement of questions involved. ***See*** Appellant's Brief, at 4; Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). More importantly, Davis provides no legal authority or argument to support her conclusory statements that counsel's failure to provide Davis with discovery prior to her entering her plea caused her to enter an unknowing plea. ***See*** Appellant's Brief, at 14, 20; ***Commonwealth v. Johnson***, 758 A.2d 1214, 1217 (Pa. Super. 2000) (failure to present any argument or authority to support contention waives appellate review of claim). Moreover, the claim would lack merit, since, as discussed *infra*, any claim that Davis entered an unknowing or involuntary plea contradicts her statements at the time the plea was entered.

the Commonwealth maintains plea counsel advised Davis appropriately about the SDTP. *See id.* at 15-16. We agree.

The PCRA court concluded that Davis entered into a knowing, voluntary, and intelligent guilty plea. *See* PCRA Court Opinion, 1/8/25, at 15. The court explains:

> Davis's favorable plea was entered on a written plea form, signed by [Davis], Plea Counsel, and the assistant district attorney, after a comprehensive oral colloquy administered by the Court. During the colloquy, in the plea forms, or both, Petitioner confirmed, among other things, that she: entered the plea knowingly, voluntarily, and intelligently; reviewed the plea form with Plea Counsel; understood the form and the questions asked by the Court; understood the charges to which she pled, the maximum penalties for each charge, and the negotiated sentencing framework; and believed that the plea were in her best interest.
>
> Additionally, and relatedly, we find credible Plea Counsel's testimony that he met with and discussed the case, the Commonwealth's evidence, and the terms of the guilty plea with Petitioner on several occasions before the plea was entered. Plea Counsel explained his assessment of the case and Petitioner's sentencing exposure if she went to trial and was convicted of DDRD. In this regard, the record supports that the plea was carefully negotiated over time, was not rushed, the plea form and terms of the plea were reviewed with Petitioner prior to her entry of the plea, and the form was signed by Petitioner and Plea Counsel in advance of the plea hearing.
>
> …
>
> Finally, we reject [Davis]'s contention that she misunderstood the sentence to be imposed and believed that she would only have to participate in a program and serve a flat three-year sentence. Plea Counsel explained that [Davis] would have to serve three years in jail before becoming eligible for participation in the program, and that if then admitted into the program the "flat" two years would begin. Further, the sentence-service requirements of the SDTP program were discussed during the

sentencing hearing. The fact that [Davis] would have to serve three years before becoming eligible was specifically discussed. Since [Davis] had a time credit of 633 days as of the date of sentencing (May 19, 2022), she was well on her way to that benchmark.

Under these circumstances and the [relevant] law …, we find that [Davis] failed to prove manifest injustice or that any act or omission of Plea Counsel caused her to enter an unknowing or involuntary plea. On the contrary, the evidence and record demonstrate that [Davis] knowingly, voluntarily, and intelligently entered into a favorable negotiated guilty plea, spring boarded by her cooperation, that achieved its goal of removing [Davis]'s exposure to DDRD and making her eligible for the SDTP. Accordingly, [Davis]'s guilty plea-based ineffectiveness claims fail.

Trial Court Memorandum Opinion, 1/25/24, at 16-17 (footnote omitted).

Our review of the record supports this conclusion. Davis completed a written guilty plea and colloquy that included each charge, sentencing guidelines, and her maximum possible sentence. **See** Guilty Plea Form, 3/3/22, at ¶¶ 1, 3, 6. Although we acknowledge that Davis did not sign the statement that she had read and understood the written colloquy form and that the plea was in her best interest, a full on-the-record colloquy was held wherein she confirmed that she went over the written guilty plea form with her attorney, that she was entering the plea voluntarily, and that she understood her maximum penalties. **See** Guilty Plea Hearing, 3/1/22; **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) ("A defendant is bound by the statements made during the plea colloquy"); **see also Pier**, 182 A.3d 480.

There are substantial discrepancies between plea counsel and Davis's testimony regarding the amount of time spent discussing the guilty plea and Davis's potential sentencing exposure. However, it is not within our purview to determine credibility; rather, we defer to the fact-finding court below. *See Commonwealth v. Ortiz-Pagan*, 322 A.3d 247, 255 (Pa. Super. 2024); *Orlando*, 156 A.3d at 1280. Here, the PCRA court found plea counsel's testimony to be credible when he said he met with Davis multiple times to discuss the case, the Commonwealth's evidence against her, the potential consequences of proceeding to trial, and the terms of the guilty plea, including sentencing exposure, and the fact that, although her participation in the SDTP after her sentence was guaranteed, the length of her incarceration was not. *See* Trial Court Memorandum Opinion, 1/25/24, at 16; N.T. PCRA Hearing, 6/5/23, at 18, 21-22, 24, 27, 29. Based on the foregoing, we agree with the PCRA court that Davis's claims lack arguable merit and thus do not rebut the presumption of effective counsel.

Accordingly, we affirm the PCRA court's order denying Davis's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/30/2025