J-S20018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIK SCOTT POPEJOY | : | |
| | : | |
| Appellant | : | No. 1660 MDA 2024 |

Appeal from the PCRA Order Entered November 1, 2024
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000148-2017

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED JULY 15, 2025**

Erik Scott Popejoy ("Popejoy") appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The facts underlying Popejoy's convictions are largely immaterial to our disposition. Briefly, in July 2016, Wyoming County Children and Youth Services received a report that Popejoy had sexually abused his girlfriend's seven-year-old daughter (the "Victim"). The Victim disclosed in a forensic interview that Popejoy had vaginal intercourse with her. In addition, Popejoy allowed the Victim to use a cell phone that contained pornographic photographs.

Popejoy proceeded to a jury trial in September 2019. Bernard Brown, Esquire ("Trial Counsel"), represented Popejoy at trial. After the

---

[1] *See* 42 Pa.C.S.A §§ 9541-9546.

Commonwealth rested its case in chief, the trial court inquired whether the defense would present evidence. Trial Counsel responded:

> No, Your Honor. We're going to rest on the evidence that we've brought out through cross examination as well as the testimony based on the questions and answers as well.

N.T., 9/25/18, at 827. The trial court did not colloquy Popejoy regarding the waiver of his right to testify. Ultimately, the jury convicted him of rape of a child and related offenses. The court sentenced Popejoy to an aggregate term of 301 to 602 months' imprisonment.

Following the reinstatement of his direct appeal rights, Popejoy filed a notice of appeal, and this Court affirmed his judgment of sentence. **See Commonwealth v. Popejoy**, 279 A.3d 1281 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 288 A.3d 74 (Pa. 2022). Popejoy filed a petition for allowance of appeal, which our Supreme Court denied on November 15, 2022. Jones did not seek further review with the United States Supreme Court.

On November 13, 2023, Popejoy filed a timely *pro se* PCRA petition.[2] The PCRA appointed counsel to represent Popejoy, who filed an amended

---

[2] Popejoy's judgment of sentence became final on February 13, 2023, the last day upon which he could have sought review in the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **see also** U.S.Sup.Ct.R. 13 (providing that petition for writ of *certiorari* must be filed within ninety days of judgment). As Popejoy filed his PCRA petition within one
*(Footnote Continued Next Page)*

petition on February 23, 2024. The amended petition alleged, *inter alia*, that Trial Counsel was ineffective by failing to: (1) adequately discuss the right to testify with Popejoy; (2) represent to the trial court that Popejoy knowingly, intelligently, and voluntarily waived his right to testify; (3) request that the trial court colloquy Popejoy regarding his waiver of his right to testify; and (4) object to the court's failure to colloquy Popejoy.

The PCRA court held evidentiary hearings on May 6 and August 15, 2024, at which Popejoy and Trial Counsel testified. Popejoy testified that he informed Trial Counsel "on several different occasions" prior to trial that he wished to testify in his own defense. N.T., 5/6/24, at 11. Popejoy stated that, after the Commonwealth rested, he again indicated his desire to testify, but Trial Counsel "just kind of shushed" him and said that his testimony was not necessary because the Commonwealth bore the burden of proof. **Id**. at 12. If called to testify, Popejoy would have told his "side . . . of the story" and explained that the Victim's mother took an inappropriate photograph of the Victim found on his phone and was selling photographs of the Victim on the internet. **Id**. at 16.

Trial Counsel testified to the following. He had "multiple [conversations with Popejoy] throughout the case" regarding whether Popejoy should testify. N.T., 8/15/24, at 12. Trial Counsel advised Popejoy not to testify based on

_____

year of February 13, 2023, the petition was timely. **See** 42 Pa.C.S.A § 9545(b)(1) (providing that petitioner must file PCRA petition within one year of date judgment of sentence becomes final).

his criminal record and "other issues that he had in his past," including "family [c]ourt stuff" and other "character stuff." *Id*. at 13, 21. Trial Counsel was also concerned that Popejoy had an upcoming trial on charges related to his failure to register as a sexual offender under the Pennsylvania Sex Offender Registration and Notification Act.[3]

Trial Counsel stated that Popejoy ultimately made the decision not to testify "with [his] assistance." *Id*. at 13. It was Trial Counsel's "normal practice" to request a colloquy of his clients who do not testify, and he was surprised to learn that no colloquy occurred in this case. *Id*. at 23-24.

On November 1, 2024, the PCRA court entered an order denying the amended petition. Popejoy filed a timely notice of appeal. Both Popejoy and the PCRA court complied with Pa.R.A.P. 1925.

Popejoy presents the following issues for our review: "Whether the [PCRA c]ourt erred in determining that [Trial C]ounsel was not ineffective in interfering with [Popejoy's] right to testify and causing an unknowing, unintelligent and involuntary waiver of [Popejoy's] right to testify?" Popejoy's Brief at 4.

We review the denial of PCRA relief to determine whether the record supports the PCRA court's factual determinations and its legal conclusions are free of error. *See Commonwealth v. Ortiz-Pagan*, 322 A.3d 247, 251 (Pa. Super. 2024). When supported by the record, the PCRA court's credibility

---

[3] *See* 42 Pa.C.S.A §§ 9799.10-9799.75.

determinations are binding on this Court. *See id*. However, we review the court's legal conclusions *de novo*. *See id*. We confine our review to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the Commonwealth, the party who prevailed below. *See id*.

In assessing a claim of ineffective assistance under the PCRA, we presume that counsel has rendered effective assistance. *See Commonwealth v. Washington*, 269 A.3d 1255, 1263 (Pa. Super. 2022) (*en banc*). To overcome the presumption, the petitioner must show that: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id*. (citation omitted). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *See id*.

"The right of an accused to testify on his own behalf is a fundamental tenet of American jurisprudence and is explicitly guaranteed by Article I, Section 9 of the Pennsylvania Constitution." *Commonwealth v. Nieves*, 746 A.2d 1102, 1105 (Pa. 2000).

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so

unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

***Id***. at 1104.

[T]he appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand.

***Commonwealth v. Walker***, 110 A.3d 1000, 1005 (Pa. Super. 2015) (emphasis omitted).

"A trial court is not required to conduct a colloquy to determine whether a defendant has made a knowing, intelligent and voluntary waiver of his right to testify." ***Washington***, 269 A.3d at 1264. An on-the-record colloquy concerning a defendant's waiver of his right to testify "is a useful procedural tool," but "does not share the same status as the right itself." ***Id***. at 1264 n.2 (citation omitted). "Nevertheless, a criminal defendant must understand his decision not to testify if not by colloquy, then by the presumed competent advice of counsel." ***Id***. at 1264.

Popejoy argues that Trial Counsel was ineffective for failing to take any action at trial to ensure that his waiver of his right to testify was knowing, intelligent, and voluntary. Popejoy contends that the record is "completely silent" as to whether he "knew that he had the right to testify, knew that the ultimate decision was his, that [he] was competent to waive that right, that [he] made a conscious choice not to testify, or that [he] made a knowing, intelligent, voluntary and non-coerced decision not to testify." Popejoy's Brief

- 6 -

at 9. According to Popejoy, Trial Counsel should have taken "affirmative steps" to protect his right to testify, such as: (1) "representing to the court on the record . . . that [Popejoy] waived his right" to testify; (2) "requesting the court to colloquy" Popejoy regarding his waiver; and (3) "objecting to the court not colloquying [Popejoy] on the record." *Id*. at 8-9, 11.

Popejoy contends that Trial Counsel lacked any reasonable basis for his conduct, where his testimony revealed that it was his practice to request a colloquy of his clients who do not testify, and he erroneously believed that the trial court conducted a colloquy of Popejoy. Popejoy asserts that he suffered prejudice from Trial Counsel's inaction because, if the trial court had conducted a colloquy, he would have stated his desire to testify in his defense.

The PCRA court found that Popejoy had not met his burden of proving that Trial Counsel interfered with Popejoy's constitutional right to testify or that he provided unreasonable advice that vitiated a knowing and intelligent waiver of that right. The court considered that Trial Counsel had multiple conversations with Popejoy about whether to testify, in which counsel advised Popejoy that the Commonwealth might cross-examine him on matters that "might hurt" him, including his prior criminal history. PCRA Court Opinion, 12/30/24, at 5. The court found that Popejoy and Trial Counsel "made a joint decision for [Popejoy] not to testify and [Trial Counsel] did nothing to prevent him from testifying at the time of trial." *Id*.

After careful review, we discern no error in the PCRA court's determination that Popejoy's ineffectiveness claim lacks arguable merit. As

explained above, the trial court was not required to conduct a colloquy of Popejoy to determine whether he knowingly, intelligently, and voluntarily waived his right to testify. *See Washington*, 269 A.3d at 1264. Accordingly, Trial Counsel was not ineffective based upon his failure to request a colloquy or object to the absence of a colloquy. *See id*.

Rather, to prove Trial Counsel's ineffectiveness, Popejoy must "demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Nieves*, 746 A.2d at 1104. As Popejoy does not argue that Trial Counsel's advice was unreasonable, we examine only whether Popejoy has shown that Trial Counsel interfered with his client's right to testify. *See id*.

In finding that Trial Counsel did not interfere with Popejoy's right to testify, the PCRA court relied on Trial Counsel's testimony that: (1) he had multiple conversations with Popejoy throughout the history of the case regarding whether he should testify; (2) Trial Counsel recommended that Popejoy not testify, based on concerns that the Commonwealth would cross-examine him regarding his prior offenses and other bad acts; and (3) Popejoy and Trial Counsel made a "joint decision" to not testify. PCRA Court Opinion, 12/30/24, at 5. We conclude that the record supports the PCRA court's findings, and the court did not err in ruling that Trial Counsel was not ineffective. *See Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003) (affirming ruling that trial counsel was not ineffective despite absence

- 8 -

of colloquy concerning defendant's right to testify, where counsel credibly testified that he discussed the right to testify with defendant numerous times and advised him against testifying based on the potential that the Commonwealth could cross examine him on his criminal record). Consequently, we affirm the PCRA court's order denying Popejoy's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025