J-S46015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
            v.                       :
                                   :
                                   :
JENKINS RAKEE EVERETT         :
                                   :
          Appellant         :     No. 200 WDA 2025

Appeal from the PCRA Order Entered February 3, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013164-2016

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:         **FILED: April 7, 2026**

Jenkins Rakee Everett appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

We previously recounted the facts of this matter as follows:

> Appellant shot Earl Bivins (the victim) several times in the early morning hours of June 11, 2016, in an apartment in the City of Pittsburgh.  Appellant and two other individuals then wrapped the victim's body in a blanket and put the body in a vehicle where they ultimately dumped it in a wooded area.  At some point later, Appellant returned to the body and attempted to burn it. Police . . . found the victim's body on June 16, 2016.

*Commonwealth v. Everett*, 220 A.3d 671, 2019 WL 3287087, at *1 (Pa.Super. 2019) (non-precedential decision) (cleaned up).  Appellant was charged with one count each of criminal homicide, persons not to possess a firearm, carrying a firearm without a license, abuse of a corpse, tampering

with or fabricating physical evidence, and conspiracy. At the time, he also had unrelated federal charges pending.

The Commonwealth offered to reduce the homicide charge to voluntary manslaughter if Appellant pled guilty to that offense and the remaining crimes. The agreement further provided that the sentences for the other offenses would run concurrently to whatever the court imposed for voluntary manslaughter. Appellant accepted the offer. On the same day, he was sentenced on both his state and federal crimes. The Honorable Alexander Bicket sentenced Appellant to an aggregate term of seven and one-half to seventeen years in prison, running that consecutively to his federal sentence.

Appellant filed an unsuccessful post-sentence motion to withdraw his guilty plea. He appealed, and we affirmed his judgment of sentence on July 22, 2019. Specifically, we rejected Appellant's assertion that he was entitled to withdraw his plea where he assumed that his state sentence would run concurrently to his federal sentence, since no such promise had been made. *See Everett*, 2019 WL 3287087, at *4. Appellant did not file a petition for allowance of appeal. As such, his judgment of sentence became final on August 22, 2019. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the expiration of time for seeking" discretionary review in the Supreme Court). Accordingly, any PCRA petition needed to be filed by August 24, 2020, to be deemed timely, as August 22, 2020, fell on a Saturday. *See* 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter,

including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]").

On May 21, 2024, Appellant authored a *pro se* PCRA petition. Therein, he alleged that plea counsel was ineffective for failing to preserve claims as to the deadly weapon enhancement, and stated that he was entitled to withdraw his plea because his prior record score was miscalculated. *See* PCRA Petition, 5/21/24, at ¶¶ 4, 5. The court appointed Suzanne Swan, Esquire, who filed a motion to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Before the court acted on counsel's motion, Appellant filed another *pro se* PCRA petition seeking credit for time served. The court ordered Attorney Swan to address this additional claim, and she submitted a supplemental motion to withdraw and no-merit letter.

The court thereafter issued a notice of its intention to dismiss the PCRA petition without a hearing in accordance with Pa.R.Crim.P. 907. No response was filed. The court then granted counsel's request to withdraw and dismissed the petition. Appellant timely appealed. In the meantime, he submitted a *pro se* request for a sentence modification. On May 19, 2025, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors within twenty-one days. Instead, Appellant submitted an additional

motion for reconsideration of sentence. He subsequently filed a late Rule 1925(b) concise statement dated June 16, 2025.[1]

The court ostensibly treated the PCRA petition and Rule 1925(b) statement as timely and authored a Rule 1925(a) opinion.[2] In this Court,

---

[1] Although Appellant did not timely file a Rule 1925(b) statement, which typically results in waiver of all issues on appeal, the PCRA court's 1925(b) order did not properly inform Appellant that any issues not presented in a Rule 1925(b) statement will be deemed waived. **See** Pa.R.A.P. 1925(b)(3)(iv) (mandating that all Rule 1925 orders specify that "any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) **shall** be deemed waived" (emphasis added)). Therefore, we decline to apply waiver in this instance. **See Commonwealth v. Bush**, 197 A.3d 285, 287 (Pa.Super. 2018) (concluding that court's defective Rule 1925(b) order precluded a finding of waiver).

[2] Attorney Swan's application to withdraw was not based on untimeliness, but upon the merits of Appellant's claims. According to Attorney Swan, Appellant's May 21, 2024 filing could be considered an amended first timely PCRA petition because she discovered a *pro se* letter, dated August 24, 2020, and addressed to Judge Bickett, wherein Appellant requested a thirty-day extension to file a PCRA petition to assert that the Department of Corrections failed to accurately credit him for time served. No action had been taken on the letter, and although it is included in the certified record, it is not on the criminal docket. Additionally, there is no envelope indicating the date it was given to prison authorities for mailing.

Unlike Attorney Swan and the court, we do not consider this letter contemplating the potential future filing of a PCRA petition to itself constitute a timely petition where Appellant did not seek relief pursuant to the PCRA therein, and did not patently send it within one year of when his judgment of sentence became final. **See Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa.Super. 2022) (explaining that "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition" but only "if it requests relief contemplated by the PCRA."). **See also Thomas v. Elash**, 781 A.2d 170, 176 (Pa.Super. 2001) (clarifying that "[t]o avail himself of the prisoner mailbox rule, . . . an incarcerated litigant must supply sufficient proof of the date of mailing").

Appellant presents a two-page brief raising five claims. He abandoned his assertion that plea counsel was ineffective, and rather contends that: (1) his guilty plea was invalid because his federal and state sentences were to run concurrently; (2) the sentencing court miscalculated his prior record score; (3) he should have been considered for the Recidivism Risk Reduction Incentive program and bootcamp; (4) the sentencing court erred in applying the deadly weapon enhancement; and (5) he should not have to pay court costs. *See* Appellant's brief at ¶¶ 1-5.

Preliminarily, we note that "[o]ur standard of review of an order dismissing a PCRA petition is limited to the PCRA court's findings to see if they are supported by the record and free from legal error. . . . A PCRA court's legal conclusions, however, are reviewed *de novo*." ***Commonwealth v. Ortiz-Pagan***, 322 A.3d 247, 251 (Pa.Super. 2024) (cleaned up). This Court must also address the timeliness of Appellant's PCRA petition before examining the substance of his arguments. ***See Commonwealth v. Skundrich***, 327 A.3d 218, 221 (Pa.Super. 2024) ("It is well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues." (cleaned up)); ***Commonwealth v. Ballance***, 203 A.3d 1027, 1032 (Pa.Super. 2019) ("We can raise *sua sponte* the timeliness of a PCRA petition because it is an issue of the court's jurisdiction."). A PCRA petition must be filed within one year of the date that the underlying judgment of sentence became final unless

the petitioner pleads and proves one of the three timeliness exceptions enumerated in 42 Pa.C.S. § 9545(b)(1).

As mentioned, Appellant's judgment of sentence became final on August 22, 2019, when the time for filing a petition for allowance of appeal expired. *See Everett*, 2019 WL 3287087. Since the one-year deadline of August 22, 2020, fell on a Saturday, Appellant had until the following Monday, or August 24, 2020, to submit a timely PCRA petition. Appellant's May 21, 2024 petition is therefore patently untimely, and he failed to plead or prove any timeliness exception. Thus, although the court had no jurisdiction to entertain the merits of Appellant's claims, we affirm the order dismissing the petition.[3] *See Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa.Super. 2019) ("[W]e may affirm a PCRA court's decision on any grounds if the record supports it." (cleaned up)).

Order affirmed.

---

[3] Even if this Court could construe Appellant's August 24, 2020 letter as a first timely petition, he would not be entitled to relief. Appellant's brief fails to comply with several of the Rules of Appellate Procedure, leaving his arguments underdeveloped for our review. *See Commonwealth v. Taylor*, 277 A.3d 577, 591 (Pa.Super. 2022) ("When issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof."). Also, his assertion regarding the validity of his guilty plea has been previously raised and litigated. *See Everett*, 2019 WL 3287087; 42 Pa.C.S. § 9543(3) (stating a petitioner must prove that any "allegation of error has not been previously litigated or waived"). Finally, Appellant's remaining claims do not seek relief pursuant to the PCRA, or they have been waived for the failure to raise them "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *See* 42 Pa.C.S. § 9544(b).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/7/2026