J-S40035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIANO MUNIZ-RUIZ | : | |
| | : | |
| Appellant | : | No. 164 MDA 2025 |

Appeal from the PCRA Order Entered January 3, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001765-2018

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:        **FILED: DECEMBER 5, 2025**

Juliano Muniz-Ruiz (Appellant) appeals, *pro se*, from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] *see* 42 Pa.C.S.A. §§ 9541-9546. Appellant claims the PCRA court improperly construed his *habeas corpus* petition as a PCRA petition in denying relief on his challenge to the validity of his guilty plea, based on an inadequate on-the-record plea colloquy. After careful review, we affirm.

---

[1] Although Appellant styled his *pro se* filing a "Petition for Writ of *Habeas Corpus ad Subjiciendum*" (*habeas corpus* petition), as we discuss *infra*, it was a serial PCRA petition that raised a cognizable claim under the PCRA.

The facts underlying Appellant's convictions are irrelevant to the instant appeal.[2] On December 7, 2018, Appellant entered an open guilty plea to one count each of attempted homicide and strangulation.[3] Prior to entering his plea, Appellant completed separate oral and written guilty plea colloquies. **See generally** N.T., 12/7/18 (oral colloquy); Statement Accompanying Defendant's Request to Enter a Guilty Plea, 12/7/18.[4] The trial court accepted

---

[2] The PCRA court summarized the facts in its Pa.R.A.P. 1925(a) opinion. **See** PCRA Court Opinion, 3/25/25, at 3-4. In short, in January 2018, Appellant repeatedly stabbed and strangled his minor paramour, who suffered serious bodily injuries.

[3] 18 Pa.C.S.A. §§ 901(a) and 2501(a), 2718(a).

[4] In the oral colloquy, the following exchange occurred:

THE COURT: [Appellant], do you understand that you are charged at count 1 with criminal attempt to commit criminal homicide?

[Appellant]: Yes, your Honor.

THE COURT: And at count number 4 with strangulation?

[Appellant]: Yes, Your Honor.

THE COURT: Do you understand the elements of each of those offenses?

[Appellant]: Yes, your Honor.

THE COURT: Do you have any questions at all about what you are charged with?

[Appellant]: No, your Honor.

*(Footnote Continued Next Page)*

Appellant's guilty plea as knowingly and voluntarily tendered.[5]  N.T., 12/7/18, at 19.  Appellant filed no motion to withdraw his plea.

On April 5, 2019, the trial court sentenced Appellant to an aggregate 20 to 40 years' imprisonment, followed by 10 years of probation.  Appellant, who was represented by counsel, filed no post sentence motions.  Appellant timely filed a *pro se* notice of appeal.  However, Appellant discontinued his appeal in September 2019.

Appellant timely filed his first PCRA petition, *pro se*, on October 3, 2019. The PCRA court appointed Appellant counsel, who filed an amended PCRA petition.  The amended petition sought the reinstatement of Appellant's post-sentence and direct appeal rights, *nunc pro tunc*, based upon Appellant's claim of his trial counsel's ineffectiveness for failing to file post-sentence motions.[6] In May 2020, following an evidentiary hearing, the PCRA court denied Appellant's petition.

Appellant timely filed a counseled appeal from the denial of his first PCRA petition.  This Court affirmed, concluding Appellant had waived his

_____

N.T., 12/7/18, at 9 (some capitalization modified); **see also** Statement Accompanying Defendant's Request to Enter a Guilty Plea, 12/7/18, ¶ 14 (Appellant confirming that he "understand[s] the nature of the charges to which I am pleading guilty.").

[5] In exchange for Appellant's guilty plea, the Commonwealth dismissed several criminal charges.

[6] Appellant raised no challenge to the validity of his guilty plea in his first PCRA petition.

claims asserting trial counsel's ineffectiveness, where he failed to raise these claims before the PCRA court. *Commonwealth v. Muniz-Ruiz*, 249 A.3d 1140, 800 MDA 2020 (Pa. Super. 2021) (unpublished memorandum at 4-8); *see also* Pa.R.A.P. 302(a) (providing issues may not be raised for the first time on appeal). Appellant did not seek allowance of appeal to the Pennsylvania Supreme Court.

On September 9, 2024, Appellant, acting *pro se*, filed the instant *habeas corpus* petition. For the first time, Appellant challenged his guilty plea as unknowingly, unintelligently, and involuntarily tendered. *See* Habeas Corpus Petition, 9/9/24, at 6-9. Specifically, Appellant complained that "[n]owhere within the on-the-record colloquy [were] the elements of any of the criminal charges explained to [Appellant]." *Id.* at 8; *see also id.* at 9 ("This constitutes a manifest injustice which mandates that [Appellant] be released from confinement based upon the unlawful nature of his guilty plea." (citation omitted)).

By order entered January 3, 2025, the PCRA court, construing Appellant's *habeas corpus* petition as a second PCRA petition, denied relief without a hearing.[7] The court reasoned as follows:

_____

[7] Prior to denying Appellant's petition, the PCRA court failed to file a notice of its intent to dismiss the petition, as required by Pa.R.Crim.P. 907(1) (providing that after reviewing a PCRA petition, if the PCRA court is satisfied that there are no genuine issues of material fact and the petitioner is entitled to no relief, the court "shall give notice to the parties of the intention to dismiss the petition

*(Footnote Continued Next Page)*

- 4 -

> Despite [Appellant's claim] that he is not asserting his innocence or that his guilty plea was unlawfully induced, he is challenging the sufficiency of the guilty plea proceeding and asking for immediate release. On December 7, 2018, [Appellant] entered an open guilty plea. The entry of a guilty plea serves as a waiver of all defects and defenses except those concerning jurisdiction, legality of sentence and the validity of the plea[.]" ***Commonwealth v. Cotto***, 708 A.2d 806[, 808 n.1] (Pa.[ ]Super. 1998), ***affd***, 753 A.2d 217 (Pa.[ ]2000). A review of the [guilty plea hearing] transcript shows that all the required factors to establish a voluntary plea were covered. ***See Commonwealth v. Moser***, 921 A.2d 526, 529 (Pa. Super. 2007) [(detailing the factors that a trial court must consider in determining the voluntariness of a plea, including the defendant's understanding of "the nature of the charges to which he is pleading guilty" (citation omitted))]. The facts upon which the plea was based were particularly brutal and a standard range, but lengthy, sentence was imposed. The opportunity to challenge [] the sufficiency of the plea [colloquy] was available to [Appellant]. It should be noted that [Appellant previously filed] a counseled PCRA [petition] that went to a hearing. This issue was not raised therein.

Order, 1/3/25.

Appellant timely filed a *pro se* notice of appeal.[8] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

---

and shall state in the notice the reasons for the dismissal."). Where a PCRA petition is untimely filed, a PCRA court's failure to issue a Rule 907 notice "does not automatically warrant reversal." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted). We address *infra* the timeliness of Appellant's petition, as well as his challenge to the PCRA court's failure to issue a Rule 907 notice.

[8] Pursuant to the prisoner mailbox rule, a prisoner's *pro se* filing "is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) (citation omitted); ***see also*** Pa.R.A.P. 121(f) (same). Instantly, the PCRA court, citing the prisoner mailbox rule, deemed Appellant's notice of appeal
*(Footnote Continued Next Page)*

Appellant presents three issues for our review:

A) Did the lower court fail to do a proper analysis concerning the use of the State writ of *habeas corpus* in this situation?

B) Did the lower court err in failing to grant relief when the on-the-record [guilty plea] colloquy did not explain the nature and/or the elements of the criminal charges to [Appellant]; and is therefore [*sic*] insufficient to establish a voluntary and understandingly tendered guilty plea?

C) Did the lower court err by dismissing Appellant's filing without proper notice and without giving Appellant an opportunity to respond?

Appellant's Brief at vi (issues reordered; some capitalization modified).

When reviewing the denial of a PCRA petition, we examine "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Hereford***, 334 A.3d 903, 907 (Pa. Super. 2025) (*en banc*) (citation omitted). The scope of our review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Conforti***, 303 A.3d 715, 725 (Pa. 2023) (citations omitted).

With respect to PCRA evidentiary hearings, this Court has explained that

there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that

---

timely filed, stating, "[Appellant's] notice of appeal is dated January 26, 2025[,] and time stamped as received by the Berks County Clerk of Courts on January 31, 2025[,] although it was mailed to the Superior Court on February 5, 2025." PCRA Court Opinion, 3/25/25, at 2 n.2.

he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. McCready***, 295 A.3d 292, 298 (Pa. Super. 2023) (citation and brackets omitted).

Instantly, we address Appellant's first and second issues together, as they are related. Appellant claims the PCRA court improperly (1) construed his *habeas corpus* petition as a serial PCRA petition; and (2) denied relief on Appellant's meritorious challenge to the validity of his guilty plea. ***See*** Appellant's Brief at 1-8. Regarding the latter point, Appellant contends he "was not informed (on-the-record) of the nature of the charges and/or the elements of the crimes charged to which he ple[]d guilty." ***Id.*** at 2. According to Appellant, "[t]he failure to outline the nature of the elements of the offense to [Appellant], on-the-record, destroyed the knowing and intelligent nature of [Appellant's] guilty plea[.]" ***Id.*** at 4.

Appellant further claims the PCRA court improperly construed his *habeas corpus* petition as a PCRA petition, where "the PCRA does not offer a remedy in this situation." ***Id.*** at 5; ***see also id.*** at 4 (Appellant averring he "is not alleging his innocence in any way and, based on the denial of innocence, [Appellant] is not eligible for relief pursuant to the PCRA."). Appellant cites section 9542 of the PCRA, which governs the scope of the PCRA and provides, in relevant part: "This subchapter **provides** for an action by which persons convicted of crimes **they did not commit** and persons serving illegal

sentences may obtain collateral relief." *Id.* at 6 (quoting 42 Pa.C.S.A. § 9542 (emphasis added by Appellant)). Appellant maintains that "[n]ot once has [he] claimed that he is innocent, not guilty, or serving an illegal sentence." *Id.*

The Commonwealth counters Appellant's *habeas corpus* petition "was properly treated as a second PCRA petition, as a cognizable PCRA claim was raised." Commonwealth Brief at 6.

> [C]hallenges to the validity of a guilty plea colloquy are cognizable claims under the PCRA; thus, petitions raising this claim should be treated as a PCRA petition. *See Commonwealth v. Rounsley*, 717 A.2d 537, 538 (Pa. Super. 1998) ("after a defendant has entered a plea of guilty, the only cognizable issues in a post conviction proceeding are the validity of the plea of guilty and the legality of the sentence"); 42 Pa.C.S.A. § 9543(a)(2)(iii).

Commonwealth Brief at 6 (some punctuation modified). The Commonwealth argues the PCRA court lacked jurisdiction over Appellant's PCRA petition, where he "failed to file the … petition within the one-year limitation required by" the PCRA and invoked no exception to the jurisdictional time-bar. *Id.*

> It is established that
>
> the PCRA is intended to be the sole means of achieving post-conviction collateral relief. **If an issue is cognizable under the PCRA, the issue <u>must</u> be raised in a timely PCRA petition and cannot be raised in a petition for writ of *habeas corpus.***

*Commonwealth v. Powell*, 290 A.3d 751, 758 (Pa. Super. 2023) (emphasis added; internal citations, brackets, and paragraph break omitted); *see also* 42 Pa.C.S.A. § 9542 (providing the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory

- 8 -

remedies … including *habeas corpus*"); 42 Pa.C.S.A. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."). In other words, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa. Super. 2022) (citations omitted). "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." **Taylor**, 65 A.3d at 465-66 (citing, *inter alia*, **Commonwealth v. Fahy**, 737 A.2d 214, 224 (Pa. 1999) (stating that the writ of *habeas corpus* continues to exist as a separate remedy "only in cases in which there is no remedy under the PCRA.")).

Here, in its opinion, the PCRA court determined it correctly considered Appellant's *habeas corpus* petition as a PCRA petition, reasoning as follows:

> *Habeas Corpus* relief is available only where the defendant's substantive due process challenge falls outside the ambit of the potential claims cognizable under the [PCRA]. **Commonwealth v. West**, 938 A.2d 1034, 1039 (Pa. 2007) [("[*H*]abeas relief is not available where a remedy is available pursuant to the PCRA").] … [Appellant] is seeking his release from incarceration based on an alleged[ly] insufficient guilty plea colloquy. This issue is of the type that falls directly under the purview of the [PCRA].

PCRA Court Opinion, 3/25/25, at 4 (formatting and citation modified). The PCRA court further determined "[t]here was ample opportunity provided to [Appellant, who was previously] assisted by counsel, to challenge his guilty

- 9 -

plea. This issue is not cognizable under a Writ of *Habeas Corpus*." *Id.* at 5. We agree.

Appellant's *habeas corpus* petition challenged solely the validity of his guilty plea, which is a cognizable claim under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii) (classifying challenges to the validity of a guilty plea as cognizable under the PCRA); *Commonwealth v. Mucci*, 327 A.3d 1223, 1235 (Pa. Super. 2024) (citing subsection 9543(a)(2)(iii) and stating that a challenge to the voluntariness of a guilty plea is "cognizable under the PCRA and subject to the PCRA timeliness provisions."). Moreover, Appellant's invocation of the PCRA's "scope of subchapter" provision (*i.e.*, section 9542, *supra*) is unavailing, where his claim is clearly cognizable under the PCRA and "requests relief contemplated by the PCRA." *Fantauzzi*, 275 A.3d at 995.[9] Accordingly, the PCRA court properly considered Appellant's *habeas corpus* petition as a second PCRA petition.

We next address whether Appellant timely filed his petition. Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1); *see also id.* § 9545(b)(3) (stating a judgment of

---

[9] *Cf. Commonwealth v. Judge*, 916 A.2d 511, 520 (Pa. 2007) (where the defendant was convicted of first-degree murder and sentenced to death, but fled to Canada prior to sentencing, holding the defendant's claim that Canada violated his human rights under a certain international covenant was not cognizable under the PCRA, where the defendant was not asserting his innocence or challenging an underlying conviction or sentence).

- 10 -

sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). "The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citation omitted); *see also Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*) ("[T]he timeliness of a PCRA petition implicates the jurisdiction of this Court and the PCRA court." (citation omitted)). Moreover, merely "titling a petition as a petition for a writ of *habeas corpus* does not avoid the PCRA's timeliness requirements." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020) (citing *Taylor*, 65 A.3d at 466).

Here, Appellant's PCRA petition is patently untimely, as his judgment of sentence became final in September 2019, when he withdrew his direct appeal. *See Commonwealth v. Ortiz-Pagan*, 322 A.3d 247, 250 n.8 (Pa. Super. 2024) (recognizing that the defendant's judgment of sentence became final, for purposes of the PCRA, at the time the defendant withdrew his direct appeal); 42 Pa.C.S.A. § 9545(b)(3). Appellant did not file his instant petition until September 9, 2024, several years after the time for filing a PCRA petition expired.

A court may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions contained in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). These three timeliness exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of the timeliness exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017); ***see also Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (stating a petitioner's burden "necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply." (citation omitted; emphasis in original)).

Moreover, to be eligible for relief under the PCRA, a petitioner must show that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary

review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

Instantly, Appellant neither invokes any of the PCRA's timeliness exceptions nor acknowledges that his *habeas corpus* petition was, in fact, an untimely PCRA petition. *Crews*, 863 A.2d at 501. Rather, Appellant erroneously continues to assert that he filed a *habeas corpus* petition that raised a claim not cognizable under the PCRA. Accordingly, as Appellant did not satisfy the PCRA's time limits, the PCRA court lacked jurisdiction to address the merits of the issues raised in Appellant's petition. *Copenhefer*, 941 A.2d at 648.

Furthermore, even if we had jurisdiction, pursuant to subsection 9543(a)(3), Appellant waived his challenge to the validity of his guilty plea, where he (1) raised no objection during the oral guilty plea colloquy and filed no motion to withdraw his plea; and (2) could have previously challenged the validity of his plea before this Court, but voluntarily withdrew his direct appeal. *See Commonwealth v. Rachak*, 62 A.3d 389, 395 (Pa. Super. 2012) ("Ordinarily, failure to petition to withdraw a plea, combined with failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceedings." (citation omitted)); *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) (determining PCRA petitioner waived challenge to the validity of his guilty plea, where he could have raised the issue on direct appeal but declined to file one).

Based upon the foregoing, the PCRA court properly (1) considered Appellant's *habeas corpus* petition as a second PCRA petition; and (2) determined that Appellant's claim of an invalid guilty plea, raised in an untimely PCRA petition, merits no relief. Accordingly, Appellant's first two issues fail.

In his final issue, Appellant asserts the PCRA court erred and deprived him of due process, where it denied his PCRA petition without first issuing a Pa.R.Crim.P. 907 notice. **See** Appellant's Brief at 8-10. Appellant emphasizes the mandatory language of Rule 907, which provides that

> [i]f the judge is satisfied from [] review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief and no purpose would be served by any further proceedings, the judge **shall** give notice to the parties of the intention to dismiss the petition and **shall** state in the notice the reasons for dismissal.

**Id.** at 9 (quoting Pa.R.Crim.P. 907(1) (emphasis added by Appellant; some capitalization modified)). Appellant claims the PCRA court's failure entitles him to a remand for the issuance of proper notice and further proceedings. **Id.** at 10.

It is established that a PCRA court's "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." **Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (citation omitted); **Taylor**, 65 A.3d at 468; **see also Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023) ("A PCRA court's failure to comply with the dictates of Rule 907(1) before dismissing a petition is not

- 14 -

automatically reversible error. If the petitioner cannot establish that he was prejudiced by the defective procedure, no relief is warranted." (internal citations omitted)).

Here, because Appellant's PCRA petition is patently untimely and he asserts no timeliness exception, we conclude the PCRA court's failure to issue a Rule 907 notice does not constitute reversible error. *Zeigler*, *supra*. Moreover, as Appellant raised no "genuine issue of fact" that would have entitled him to relief, the PCRA court properly exercised its discretion in denying Appellant's untimely petition without a hearing. *McCready*, 295 A.3d at 298. Appellant's final issue entitles him to no relief.

Based upon the foregoing, as the PCRA court lacked jurisdiction to consider the merits of Appellant's untimely second PCRA petition, we affirm the order denying the petition.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/5/2025

- 15 -